OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### JUNE TERM, 1912.

THE VINELAND GRAPE JUICE COMPANY, appellant,

*v.*

D. HARRY CHANDLER et al., respondents.

[Argued March 11th, 1912. Decided November 18th, 1912.]

1. In a suit by a corporation against its stockholders alleging that certain shares of its stock were issued to them fraudulently and without consideration, except as to two per cent. of its par value, and praying that said stockholders be decreed liable to pay and make good to the corporation all loss sustained by it in consequence of the issuing of such stock, and that the same be surrendered for cancellation, evidence examined, and *Held*, that such allegation was not supported by the proofs.

2. Whether corporate stock may be legally issued by a corporation in anticipation of work and labor afterward to be performed, or services afterward to be rendered, is, at least doubtful; but conceding that the law does not permit this, nevertheless when it is thus issued, and the work and labor are subsequently performed, or the services rendered, and

437

they are equal in value to the par value of the stock which has been issued in prepayment therefor, it does not lie in the mouth of the corporation to attack the transaction in a court of equity, without at the same time tendering itself ready to pay the parties to whom the stock was issued, or their assigns, the full value of the work done or services rendered for its benefit.

3. The bill of complaint in this suit not having made such tender was properly dismissed.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Harry S. Alvord,* for the appellant.

*Mr. Lewis Starr,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed March 30th, 1910. It alleges that the defendants, D. Harry Chandler and Frank H. Walls, together with Edward M. Wallington, Lewis W. Gould and Charles H. Anderson, organized the complainant corporation in the year 1897, for the purpose of manufacturing unfermented wine, or grape juice; that these gentlemen were the original stockholders and directors of the corporation; that they each originally subscribed and paid for twenty shares of the stock of the corporation, the par value of which was $10 per share; that shortly after their election as directors they secretly and fraudulently issued to themselves nine hundred shares of the treasury stock of the corporation (one hundred and eighty shares to each) for two per cent. of the par value of the stock; and that no further payment has at any time since been made upon it; that Gould, Anderson and Wallington are dead, and that their stock has passed into the hands of other holders who took it with notice of the illegality of its issue; and that Chandler and Walls have each of them assigned their stock to parties who took it with the same notice. On these alleged facts the prayer of the bill is that Chandler and Walls, and the executors of Anderson and Wallington be decreed to be jointly and

severally liable to pay and make good to the corporation all loss and damage sustained by it in consequence of the issuing of the said nine hundred shares of stock; and that the present holders thereof be decreed to surrender it for cancellation.

Upon final hearing a decree dismissing the bill was advised by the vice-chancellor for the reason that the allegation that the nine hundred shares of stock were issued fraudulently and without consideration, except as to two per cent. of its value, was not supported by the proofs; and for the further reason that regardless of the meritorious question involved, the right to maintain the suit was barred by the supplement to the Corporation act of April 8th, 1903 (*P. L. 1903 p. 362*), which prohibits any action, either at law or in equity, from being brought against any officer or director of a corporation to recover any bonus, profit or reward of any kind secretly made out of any transaction with the corporation, and without disclosure of the fact, unless such action be brought within four years after the transaction has taken place.

We doubt the applicability of the statute (which was repealed in 1907) to such a state of facts as that disclosed by the pleadings and proofs in this case; but we are of opinion that the decree should be affirmed for the first of the reasons which led the vice-chancellor to the conclusion reached by him. At the time of the issuing of the stock to the five gentlemen named in the bill the corporation had been in existence only for a few weeks, and they were its only stockholders. It was their purpose to devote so much of their time and energy as might be necessary for the successful building up and carrying on of the business for which the corporation was organized, without any immediate compensation being paid to them out of its assets or earnings, but, nevertheless, not gratuitously. With this purpose in mind they consulted counsel, and, being advised that corporate stock might be issued and paid for for services rendered to and work done for the corporation, they acted upon this advice, and, honestly believing that they had a right to do so, issued the stock to themselves in anticipation of rendering to the corporation services, and of doing work for it, without any other compensation, until the value of such services and work should equal the

unpaid ninety-eight per cent. of the par value of the stock. So successful were they in the building up of the business of the corporation, and the management of its affairs, that in the year 1901, five years after its organization, it was earning and paying a dividend of six per cent. on its capital stock, which had by that time been increased to over four thousand shares, and up to, and even later than that date, they gave their time and services to the business without pay, excepting Mr. Gould, who had died in 1899. No attempt was made to show, either by the complainant or the defendant, just what was the value of these services; but $1,800 for the three years of work done by Gould, and the like sum for the five years during which each of the others served the company, can hardly be claimed to be an overpayment to either of them. Unless it was, it follows that the stock has, in fact, been fully paid for, although such payment was not made at the time of its issue. It is settled in this state that stock may be issued in payment for work and labor done. *Wetherbee* v. *Baker, 35 N. J. Eq.* (*8 Stew.*) *501, 512,* and cases cited. Whether it may be legally issued in anticipation of work and labor afterward to be performed, or services afterward to be rendered, is, at least, doubtful; but, conceding that the law does not permit, nevertheless, when it is issued, and the work and labor are subsequently performed, or the services rendered, and they are equal in value to the par of the stock which has been issued in prepayment therefor, it does not lie in the mouth of the corporation to attack the transaction in a court of equity, without at the same time tendering itself ready to pay to the parties to whom the stock was issued, or to their assigns, the full value of the work done or services rendered for its benefit. No such tender having been made by the bill in the present case, it was properly dismissed.

The decree under review will be affirmed.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Trenchard, Bergen, Voorhees, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, White, Treacy—13.

*For reversal*—None.